IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

AUDIOPOD IP, LLC,
       Plaintiff,

       v.

AMAZON.COM, INC., *et al.*,
       Defendants.

Civil Action No. 3:24CV406 (RCY)

AUDIO POD IP, LLC,
       Plaintiff,

       v.

AMAZON.COM, INC., *et al.*,
       Defendants.

Civil Action No.  3:24CV407 (RCY)

**ORDER**

This matter comes before the Court on its own initiative.  The above-named actions are both patent infringement actions alleging Defendants' infringement upon a number of Plaintiff's patents, all of which relate to the streaming and synchronizing of digital media streams.  The parties to both actions are identical, aside from Defendant Audible, Inc., which is only named in 3:24CV406.

The Court ordered the parties to appear for a joint Initial Pretrial Conference on January 15, 2025.  At that conference, the Court inquired whether the parties would consent to consolidation.  Plaintiff's counsel objected, but Defendants' counsel advised that Defendants consent to consolidation.

Generally, Federal Rule of Civil Procedure 42(a) permits consolidation when the action before the court involves "a common question of law or fact."  Fed. R. Civ. P. 42(a).  The court

may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any orders to avoid unnecessary cost or delay." *Id.* District courts do not need to wait for a motion to consolidate, since district courts have the "inherent authority to order consolidation *sua sponte*." *Plimpton v. Cooper*, 141 F.Supp.2d 573, 575 (W.D.N.C. 2001) (citing *Pickle v. Char Lee Seafood, Inc.*, 174 F.3d 444 (4th Cir. 1999)). District courts' decisions to consolidate actions are reviewed for abuse of discretion. *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 192 (4th Cir. 1982).

Notwithstanding Rule 42(a), 35 U.S.C. § 299 presents additional limitations for consolidation of patent infringement cases. Under § 299, consolidation for trial is only appropriate if three elements are satisfied: (1) the "right to relief is asserted against the parties jointly, severally, or in the alternative"; (2) the action "arises out of the same underlying transactions relating to . . . the making, using . . . or selling of the same accused product or process"; and (3) "questions of fact common to all defendants or counterclaim defendants will arise in the action." 35 U.S.C. § 299(a). However, accused infringers (i.e., defendants) may waive the limitation. *Id.* § 299(c).

Here, as the accused infringers, Defendants' consent to consolidation is sufficient to satisfy the demands of § 299. Thus, for the sake of judicial economy, the Court DIRECTS the Clerk to CONSOLIDATE *Audio Pod IP, LLC v. Amazon.Com, Inc., et al.*, Civil Action No. 3:24CV406, with *Audio Pod IP, LLC v. Amazon.Com, Inc., et al.*, Civil Action No. 3:24CV407.

The Court hereby ESTABLISHES *Audio Pod IP, LLC v. Amazon.Com, Inc., et al.*, Civil Action No. 3:24CV406 as the lead case. All pleadings filed in the lead case, or in any related action later consolidated, SHALL include the identification "Lead Civil Action No. 3:24CV406." Every pleading filed in connection with this action shall only include the lead case caption, Civil

2

Action No. 3:24CV406. The Court DIRECTS the Clerk to file this Order in the lead case and in the underlying case.

The Clerk is DIRECTED to send a copy of this Order to all counsel of record.

It is so ORDERED.

_____ /s/ _____
Roderick C. Young
United States District Judge

Date: January 15, 2025
Richmond, Virginia