# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

|  |  |
|---|---|
| AUDIO POD IP, LLC,<br><br>                     Plaintiff,<br><br>        v.<br><br>AMAZON.COM, INC.;<br>AMAZON.COM LLC;<br>AMAZON WEB SERVICES, INC.,<br>and AUDIBLE, INC.<br>                     Defendants. | Lead Case No. 3:24-cv-00406-RCY<br><br>**JURY TRIAL DEMANDED** |

**<u>STIPULATED PROTECTIVE ORDER</u>**

The parties agree to the contents of this stipulated Protective Order.  Two provisions that the parties conferred about remain in dispute as noted below in Section 7.4 (Export Control) and Section 8 (Prosecution Bar).  Defendants will file a motion seeking resolution of these remaining disputes.

1.  **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiff Audio Pod IP, LLC ("Audio Pod" or "Plaintiff") and Defendants Amazon.com, Inc., Amazon.com LLC, Amazon Web Services, Inc., and Audible, Inc. (collectively, "Amazon" or "Defendants"), hereafter referred to as "the Parties," hereby stipulate to and petition the court to enter the following Stipulated Protective Order in accordance with Federal Rule of Civil Procedure 26(c). The parties acknowledge this Order does not confer blanket protections on all disclosures or discovery

1

responses and that the protection it affords from public disclosure and use extends only to information or items that are entitled to confidential treatment under the applicable legal principles. The parties acknowledge this Order does not entitle them to file confidential information under seal. Local Civil Rule 5 sets forth the procedures to be followed and the standards that will apply when a party seeks permission from the court to file material under seal.

## 2.    DEFINITIONS

**2.1.**    **Action:** The above captioned action.

2.2.    **Challenging Party:** a Party or Non-Party that challenges the designation of information or items under this Order.

2.3.    **Confidential Information or Items:** any Disclosure or Discovery Material designated by a Producing Party as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that the Producing Party claims in good faith constitutes, contains, reveals, or reflects: (i) non-public technical, marketing, financial, sales, research and development information; (ii) commercially sensitive competitive information, including, without limitation, information obtained from a Non-Party pursuant to a current Nondisclosure Agreement ("NDA"); (iii) information or data relating to future products not yet commercially released and/or strategic plans; (iv) commercial agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party; (v) sensitive personal information that is protected under federal, state, or foreign data protection laws or regulations, or other privacy obligations; or (vi) any other confidential or proprietary information or trade secrets of the Producing Party or a third party to whom the Producing Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

**2.4.**    **Designating Party:** a Party or Non-Party that designates information or items that

it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5.    **Disclosure or Discovery Material:** all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are filed with or presented to the Court or produced or generated in disclosures or responses to discovery in this matter.

2.6.    **Expert:** a person, whether a consultant or testifying expert, that a Party retains with a good faith belief that such person has specialized knowledge or experience in a matter pertinent to this Action and who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, (2) is not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7.    **"CONFIDENTIAL"** Information or Items: highly sensitive "Confidential Information or Items" that are not designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.8.    **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"** Information or Items: highly sensitive "Confidential Information or Items" that the Designating Party reasonably believes contains highly sensitive technical, business, or personal information, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm to a person or competitive or commercial disadvantage to the Designating Party that could not be avoided by less restrictive means.

2.9.    **"HIGHLY CONFIDENTIAL – SOURCE CODE"** Information or Items: highly

3

sensitive "Confidential Information or Items" constituting source code. "Source code" as used herein includes human-readable programming language text that defines software, firmware, hardware designs or descriptions ("Source Code Material"). Source code also includes source code files, which are text files containing source code. Source code files include, but are not limited to, files containing source code written in "C," "C++," Java, assembler, VHDL, Verilog, SQL, digital signal processor (DSP) programming languages, any and all programmer notes, annotations, and other comments of any type related thereto and accompanying the code. Source code files further include, but are not limited to, source files, ".include files," "make" files, link files, header files, intermediate output files, resource files, library files, module definition files, map files, object files, linker files, browse info files, debug files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, microcontroller, or DSP. Non-human readable files, including but not limited to binary executable files, object code files, microcode, register transfer language, compilers and linkers, if produced, shall be afforded the same protection as the source code defined in this section. The following material shall also be afforded the same protection as the source code defined in this section: Material that (1) either (a) contains substantial quotations of actual lines of source code or (b) describes the logical operation of source code using pseudo code; (2) that is stored in a location with limited access (e.g., that is not broadly accessible to non-source code developers); and (3) disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10.    **Litigation:** the Action in combination with *Audio Pod IP, LLC v. Amazon.com, Inc., et al.*, Civil Action No. 3:24-cv-00407-RCY (EDVA); *Audio Pod IP, LLC v. Amazon.com, Inc., et al.*, Civil Action No. 2:24-cv-00185-AWA-LRL (EDVA); and any other action later agreed upon by all Parties.

2.11.    **Non-Party:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12.    **Outside Counsel of Record** or **Counsel:** attorneys (and their staff) who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party.

2.13.    **Party:** any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14.    **Producing Party:** a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15.    **Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16.    **Protected Material:** any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17.    **Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations,

or presentations by Parties or their Counsel that reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such information, including becoming part of the public record through trial; and (b) any information known to the Receiving Party prior to the disclosure or that the Receiving Party can show by written records was obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

A reasonableness standard will apply to all terms of this Order. The parties will each use good faith efforts to resolve disputes, to prevent surprise, to avoid unfair gamesmanship, and to allow prompt, efficient access and review of Protected Material that is relevant and proportional to the needs of this case, while taking all appropriate precautions to maintain the confidentiality of such material and to minimize the burden of discovery.

## 4. DURATION

Even after Final Disposition of the Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. "Final Disposition" shall be deemed to be thirty (30) calendar days following the later of (1) dismissal of all claims and defenses in the Litigation, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Litigation, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1.    **Exercise of Reasonable Care in Designating Material for Protection.** Each

Party or Non-Party that designates information or items for protection under this Order must take reasonable care to limit any such designation to specific material that it claims in good faith qualifies under the appropriate standards. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party shall promptly notify all other parties that it is withdrawing the mistaken designation.

5.2.    **Manner and Timing of Designations.** Except as otherwise provided in this Order (e.g., paragraph 5.2(a)), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material and will include metadata in the load file that reflects the Designation sufficient to allow the Receiving Party to sort or search the materials by Designation. The Parties are encouraged to identify the confidentiality designation of any material being transmitted or otherwise produced in correspondence transmitting Protected Material (i.e. production cover letters). A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the

7

inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend to each page that contains Protected Material.

b) for testimony given in deposition or hearing, a Designating Party may, at the deposition or hearing or within fifteen (15) calendar days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 15-day period, the entire deposition or hearing transcript shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The use of a document as an exhibit at a deposition shall not in any way affect its designation under this Order.

c) A Party shall give the other Party notice if it reasonably expects any hearing or Court proceeding that is otherwise open to the public to include Protected Material, so that the other Party can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Appendix A) are present at those proceedings.

8

d) Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 15-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

e) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

5.3.    **Inadvertent Failures to Designate.** A designation of Confidential Information or Items may be made at any time. Inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material. A party that inadvertently or unintentionally produced Confidential Information or Items without designating it may request destruction of that Confidential Information or Items by promptly notifying the recipients in writing and providing a replacement that is properly designated. The recipients shall then destroy all copies of the inadvertently or unintentionally produced Confidential Information or Items and treat the replacement material in accordance with

the provisions of this Order.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.    **Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.    **Meet and Confer.** The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made under the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 7 calendar days of the date of service of the notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in the designation is offered, to explain the basis for the chosen designation. If the Designating Party does not agree to change the designation after the meet and confer process, a Challenging Party may proceed to the next stage of the challenge process (a motion to challenge confidentiality) seven (7) calendar days after the meet and confer discussion.

6.3.    **Judicial Intervention.** If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to challenge confidentiality under Local Civil Rule 7 within 21 days of the initial notice of challenge or within 14 days of the parties

10

agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a certification that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Challenging Party to make such a motion including the required declaration within the time set forth above shall automatically waive the challenge to the confidentiality designation. The burden of demonstrating the confidential nature of any information shall at all times be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case or impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to respond to a motion to challenge confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.    **Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Litigation only for prosecuting, defending, or attempting to settle the Litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Litigation has been terminated, a Receiving Party must comply with the provisions of paragraph 15 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. This includes storing electronic Protected Material in

password protected form.

       7.2.     **Disclosure of Confidential Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record;

b) in-house counsel for the Receiving Party who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting Outside Counsel of Record in the litigation of this Action;

c) Experts (as defined in this Order) of the Receiving Party and their professional staff, (1) to whom disclosure is reasonably necessary for litigation of this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Appendix A), and (3) as to whom the procedures set forth in paragraph 7.3(a), below, have been followed;

d) the Court and its personnel;

e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the Litigation of this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Appendix A)—provided, however, that vendors accessing the documents for incidental matters that will not store or substantively review such information need not sign such agreement to be bound (e.g., court reporters and videographers, copy or printing vendors, information technology support, or electronic discovery vendors);

f)   during their depositions, witnesses of a Designating Party in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Appendix A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, or who had access to the specific information at issue as shown by competent testimony that lays a foundation demonstrating such access;

h)   any mediator who is assigned to this matter, and their staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Appendix A); and

i)   other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to individuals listed in categories (a), (c)-(i) above.  A Receiving Party may also request permission for one or more specifically identified representative(s) of the Receiving Party to review specifically identified documents designated "CONFIDENTIAL," which permission will not be unreasonably withheld or delayed by the Designating Party.

7.3.    **Procedures for Approving or Objecting to Disclosure** of "CONFIDENTIAL,"

13

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" Information or Items to Experts.

a)  Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraphs 7.2(c) or 9 first must disclose to the Designating Party (i) the expert's signed "Acknowledgment and Agreement to Be Bound" (Appendix A) and current curriculum vitae; (ii) the full name of the Expert and the city and state of his or her primary residence, (iii) the Expert's past and present employment, and/or consulting relationships for the last four (4) years[1], and (iv) identifies (by name and number of the case) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding four (4) years.

b)  A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within seven (7) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

c)  A Party that receives a timely written objection must meet and confer with the

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

14

Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within three (3) business days of the written objection. If no agreement is reached, the Party objecting to the disclosure to the Expert may file a motion with the Court to prevent the disclosure to the expert. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in this paragraph.

7.4.    **Export Control.** Absent agreement, Protected Material subject to export control restrictions may not be exported outside the United States or released to any foreign national (even if within the United States) unless the foreign national (1) is a Green Card holder, (2) working in the United States pursuant to an H-1B visa sponsored by the Receiving Party's law firm, or (3) directly employed by the Receiving Party's law firm to provide support or legal representation to the firm's clients and who are otherwise unaffiliated with the Receiving Party.  Without limitation, this prohibition extends to Protected Material subject to export control restrictions (including copies) in physical and electronic form. Should any Protected Material be subject to export outside of the United States upon agreement of the parties, the Receiving Party shall comply with all applicable laws and regulations relating to the export and agrees not to knowingly export, re-export, or transfer the Protected Material of the Producing Party without first obtaining all required United States or any other applicable authorizations or licenses. The parties dispute whether documents to be produced in this case are subject to export control restrictions and whether viewing Protected Material electronically outside of the United States should be permitted. Defendants will file a motion seeking resolution of these disputes.

8.    **PROSECUTION BAR**

The parties dispute the need for a Prosecution Bar provision and the contents to be included in such a provision.  Defendants will file a motion seeking resolution of these disputes.

## 9.    SOURCE CODE

9.1.    To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE." Access to a Party's "HIGHLY CONFIDENTIAL – SOURCE CODE" material shall be provided only on a "stand-alone" computer(s) that is not linked to any network, including a local area network ("LAN"), an intranet, or the Internet ("Source Code Computer"). The following provisions of this section 9 apply to source code that has been marked as "HIGHLY CONFIDENTIAL – SOURCE CODE" and not, for example, publicly available versions of source code (e.g., files or information contained in directory or folder tree-structures that contain only material subject to open source licenses or other disclosure obligations). The stand-alone Source Code Computer of Defendants will be located the office of Defendants' Outside Counsel of Record in Seattle, Washington. The Source Code Computer shall have disk encryption and be password protected. A Receiving Party may bring one non-networked laptop computer (with any internet, network, and camera capabilities disabled) into the secure room with the Source Code Computer for purposes of taking notes only, subject to the limitations set forth in herein. Use or possession of any other electronic device or input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, zip drive, portable hard drive, laptop, any cellular or other telephones, personal digital assistants (PDAs), Blackberries, voice recorders, Dictaphones, telephone jacks, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the Source Code Computer.

9.2.    The Producing Party shall make the source code available electronically and in text searchable form in a secure room. The source code shall be produced in the original hierarchical structure defined for the code module or package instead of a flat folder including all the files.

9.3.    All persons entering the secure room containing the Source Code Computer must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the Source Code Computer, and shall sign a log that includes the names of persons who enter the room and the dates and times when they enter and depart. The producing Party may visually monitor the activities of the receiving Party's representatives, but only to ensure that no unauthorized electronic records of the Source Code Material and no information concerning the Source Code Material are being created or transmitted in any way.

9.4.    Source Code Computer.

a) The Source Code Computer will be configured by the Producing Party to run software utilities which will allow counsel and experts to view, search, and analyze the Source Code; provided that such utilities are reasonably available and non-destructive to the source code. The Receiving Party may request software tools for viewing and searching Source Code be installed on the Source Code Computer, provided that such software tools are for the purpose of performing a review of the Source Code consistent with all of the protections herein; and such software tools will not be capable of compiling or executing the code. The Receiving Party must provide the Producing Party with the licensed software tools at least seven (7) calendar days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer. Such tools can be provided by any reasonable method including a link, an installation file, a drive, CD or DVD. The Producing Party shall ensure that the Source Code Computer shall have adequate resources,

17

including memory, storage space, and processing power, to support all such software tools. The Producing Party shall make reasonable attempts to install the requested software, but will not be held responsible for the proper setup, functioning, or support of any software requested by the receiving Party. By way of example, the producing Party will not compile or debug software for installation.

b) Hardware. The Source Code Computer(s) shall be connected to the following:

- at least one external monitor of at least twenty-seven inches (27")

- an external mouse with a track wheel

- a full external keyboard

c) Software. The receiving party may use appropriate software tools on the Source Code Computer(s), which shall be installed by the Producing Party. The Producing Party will install the following software if the Receiving Party provides copies of the necessary installation files and obtains the necessary software licenses:

- Adobe Acrobat

- Notepad++

- Cygwin

- PowerGrep

- VsCode

- Understand

- Software allowing the receiving party to encrypt the Receiving Party Analysis folder (described below)

- an extraction tool for files such as .ZIP, .TAR, etc.

d) The Producing Party shall provide a breakout room near the secure room, whenever such a breakout room is reasonably available, for the Receiving Party to take breaks and conduct any non-source code review activity.

9.5.    The Receiving Party shall make reasonable efforts to restrict its requests for such access to the Source Code Computer to normal business hours Monday through Friday (excluding holidays), which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m. (in the time zone where the Source Code Computer is made available), and other mutually agreed upon days and/or times, until the close of discovery in this action.

9.6.    For the first day that counsel for the Receiving Party requests a review of the Source Code Computer, it must give at least five (5) calendar days notice to the counsel for the Producing Party that it will be sending individual(s) authorized to review the Source Code made available on the Source Code Computer. The Receiving Party shall provide at least three (3) business days' notice prior to any additional inspections. Each notice shall include the name and title for every individual who will attend the review.

9.7.    Access to Source Code Material shall be limited to Outside Counsel of Record and up to three (3) outside consultants or Experts[2] (i.e., not existing employees or affiliates of a Party or an affiliate of a Party or competitor identified by the Producing Party with reasonable specificity) retained for the purpose of this Action and approved to access such Protected Materials pursuant to paragraph 7.2(b) above, as well as those individuals in paragraph 7.2(a), (c)-(g), and (i) above, except that mock jurors shall not have access to Protected Material designated HIGHLY CONFIDENTIAL - SOURCE CODE. In addition, access to the Source Code Computer shall be

---

[2] For the purposes of this paragraph, an outside consultant or expert does not include the outside consultant's or expert's direct reports and other support personnel.

limited to outside counsel and up to the same three (3) outside consultants or Experts.

9.8.    A Receiving Party may include excerpts of Source Code Material in a pleading, court filing, exhibit, expert report, discovery document, deposition transcript, trial or hearing presentation, or other Court document if it is reasonably and in good faith believed to be necessary by the Receiving Party, provided that those documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

9.9.    To the extent portions of "HIGHLY CONFIDENTIAL – SOURCE CODE" material are quoted in an electronic copy or image of a document which, pursuant to the Court's rules, procedures, or orders, must be filed or served electronically ("Source Code Filing"), either (1) the entire Source Code Filing will be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE" or (2) those pages containing quoted source code material will be separately labeled and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE." The Receiving Party may create an electronic copy or image of limited excerpts of no more than a reasonably necessary number of lines of Source Code Material, as decided between the parties upon meeting and conferring, and only to the extent necessary to prepare filings, courtesy copies, expert reports, or demonstrative exhibits ("Trial Documents"). Excerpts that collectively amount to less than 150 lines are presumptively reasonable and require no meet and confer. The Receiving Party shall only include such excerpts as are reasonably necessary for inclusion in such documents for filing with, or delivery to, the Court or for presentation at trial or hearings. Copies of Source Code Material shall not be included in correspondence between the Parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. The Receiving Party may create an electronic image of a selected portion of the

20

Source Code Material only when the electronic file containing such image has been encrypted using commercially reasonable encryption software (e.g., a browser using HTTPS), including password protection, and any documents or drafts thereof that contain such Source Code Material must remain encrypted except as may be required for filing with the Court. The communication and/or disclosure of electronic files containing any portion of Source Code Material shall at all times be limited to individuals who are authorized to see Source Code Material under the provisions of this Protective Order. Additionally, all electronic copies must be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" and must only be exchanged via secure, encrypted file transfer. If Source Code Exhibits are filed with the court, they must be filed under seal in accordance with the Court's rules, procedures and orders. Electronic images should not be maintained separate and apart from the filing for which they were created;

9.10.    Except as set forth in Section 9.9, no electronic copies of source code material shall be made on any medium other than the Source Code Computer without prior written consent of the Producing Party, except as necessary to prepare Trial Documents or any other documents which, pursuant to the Court's rules, procedures and order, must be filed, delivered to the Court, or served electronically;

9.11.    Notwithstanding anything to the contrary herein, the Parties may prepare Trial Documents on Box, Microsoft OneDrive and SharePoint, provided that they make use of those platforms' access-control features to maintain the security of the Trial Documents. Access to Trial Documents on such platforms will be strictly limited to the individuals set forth in Section 7.2 and the Party using the platform is responsible for ensuring that such limitations are enforced. Documents may be downloaded to local computers only as needed to prepare court filings or to prepare discovery or other exchanges with counsel for the opposing party. Locally downloaded

21

files will be deleted when the foregoing processes are complete.

9.12.    Except as set forth in Sections 9.9, 9.10, 9.11, and this paragraph, no person is permitted to copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the Source Code Material. The Receiving Party may request PDF files or hardcopy printouts of limited portions of Source Code Material, but only if and to the extent reasonably necessary for the preparation of Trial Documents. In no event may the Receiving Party request PDF files or hardcopy printouts of more than 35 consecutive pages, or an aggregate total of more than 500 pages, of source code during the duration of this Action, without prior written approval by the Producing Party, which approval will not be unreasonably withheld. The Receiving Party shall not request PDF files or hardcopy printouts of Source Code Material for the purposes of reviewing the source code other than electronically as set forth in Sections 9.1 through 9.4 in the first instance. Using the software available on the source code computer, the Receiving Party shall create PDFs of the Source Code Material the receiving Party is requesting and save them in a folder on the desktop named "PDF Requests" with a subfolder identifying the date of the request. The PDF printouts must include identifying information including the full file path and file name, page number, line numbers, and date. The request for PDF files or hardcopy printouts of Source Code Material shall be served via email identifying the subfolders of the "PDF Requests" folder that the Receiving Party is requesting. Within three (3) business days, the Producing Party will produce the requested hardcopy printouts or a single, text-searchable, password-protected PDF file containing the requested portions of Source Code Material.

9.13.    The Parties may provide one copy (either PDF or hardcopy) to each Expert retained by such party. Such copies must be transmitted using secure/encrypted means or via secure third-party courier. Even if within the limits described, the Producing Party may challenge

22

the amount of source code requested in PDF form or whether the source code requested in PDF form is reasonably necessary to any case preparation activity pursuant to the dispute resolution procedure and timeframes set forth in Section 6.3 whereby the Producing Party is the "challenging Party" and the Receiving Party is the "designating Party" for purposes of dispute resolution. Contested copies of Source Code Material (PDF files or hardcopy printouts) do not need to be produced to the Receiving Party until the matter is resolved by the Court;

9.14.    The Receiving Party's outside counsel shall maintain a log of all copies of the Source Code Material (received from a producing Party) that are delivered by the Receiving Party to any person excluding outside counsel. The log shall include the names of the recipients and locations where the copies are stored;

9.15.    If the Receiving Party's Outside Counsel of Record or Experts obtain Source Code Material pursuant to the provisions herein, the Receiving Party shall ensure that such Outside Counsel of Record and Experts keep the Source Code Material under their direct control. This includes, for hardcopy printouts of Source Code Material, keeping such material in a secured locked container in their professional offices or in their home offices in a manner with an equivalent level of security as provided in a professional office. The Receiving Party may also temporarily keep hardcopy printouts of Source Code Material at: (i) the Court for any proceedings(s) relating to the printouts, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the printouts are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts to a Court proceeding or deposition (e.g., a hotel prior to a Court proceeding or deposition) provided that the printouts are kept in a secure manner that ensures access is limited to the persons authorized under this Order;

9.16.    Hardcopy printouts of a Producing Party's Source Code Material may only be transported or provided by the Receiving Party at the direction of a person authorized to review source code via hard carry, Federal Express, or other similarly reliable carrier. Source Code Material may not be transported or transmitted electronically in an unencrypted form over a network of any kind, including a LAN, an intranet, or the Internet except as otherwise directed by the Court expressly addressing encryption;

9.17.    The Receiving Party's Outside Counsel of Record, Expert, or both, shall be entitled to take notes relating to the source code, but may not copy more than twelve (12) consecutive lines of source code into the notes. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. No notes shall be left behind at the site where the Source Code Computer is made available, and any such notes shall be deleted or destroyed by the Producing Party, without reviewing the substance of the notes, upon discovery.  Any such notes shall be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE";

9.18.    All copies of any portion of the PDF files or hardcopy printouts of Source Code Material in whatever form shall be securely destroyed if they are no longer in use. Copies of Source Code Material in the form of PDF files or hardcopy printouts that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. Any paper copies used during a deposition will be retrieved by the Producing Party at the end of each day; and

9.19.    In addition to the provisions in paragraph 15, below, on or before the Final Disposition of this Litigation, the Receiving Party must, if requested (a) return to the Producing Party, or certify the destruction of, all copies of the Producing Party's source code, and (b) certify

24

destruction of any documents containing, showing, or quoting the source code. In addition, all persons to whom any copies of the source code were provided must certify in writing that all copies of the source code were returned to the counsel who provided them and that they will make no use of the source code in any future endeavor unless properly obtained in such endeavor. Such certifications may be provided collectively, and any collective certification must specify the individuals on whose behalf it is being provided. The certification must then be communicated to the Producing Party within four weeks of the Final Disposition date. Access to and review of the source code is strictly for the purpose of advancing the claims and defenses at issue in this Action. No person may review or analyze any source code for purposes unrelated to this case.

## 10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

10.1.    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

   a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

   b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order; and

   c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

10.2.    If the Designating Party timely seeks a protective order, the Party served with the

subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.

**11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION**

11.1.    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections. A non-party's use of this Order to protect its Protected Material does not entitle that Non-Party access to the Protected Material produced by any party in this case.

11.2.    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

a)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non- Party;

b)  promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested;

c)  and make the information requested available for inspection by the Non-Party.

11.3.    If the Non-Party fails to object or seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may

26

produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 12.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 13.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rules of Evidence 502(b) and (d), if documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally disclosed, such disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity in this or any other federal or state proceeding. Materials that are inadvertently produced in this manner may be clawed back using the procedures outlined in Federal Rule of Civil

27

Procedure 26(b)(5)(B): "If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved."

## 14. MISCELLANEOUS

14.1.    **Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2.    **Right to Assert Other Objections.** By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3.    **Filing Protected Material.** Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

14.4.    **Nonwaiver.**  Pursuant to Federal Rule of Civil Procedure 502(d), any disclosure in this Action that does not waive a privilege or protection in this Action shall also not constitute

28

a waiver in any other federal or state proceeding.

## 15.  FINAL DISPOSITION

Within 60 days after the Final Disposition of this action, as defined in paragraph 4 (DURATION), each Receiving Party must return all Protected Material to the Producing Party or destroy such material. This shall not require the return or destruction of Protected Material that (i) is stored on backup storage media that is overwritten in the normal course of business, (ii) is located in the email archive system or archived electronic files of departed employees, or (iii) is subject to legal-hold obligations. The Parties are only required to use reasonable efforts to destroy Protected Material contained in e-mails, including searching and deleting e-mails and applicable e-mail folders. Upon the request of the Producing Party, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) confirming the return or destruction of the Protected Material. Notwithstanding this provision, Outside Counsel are entitled to retain their correspondence, and an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in paragraph 3.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  February 5, 2025                                      Respectfully submitted,

/s/ Chandran B. Iyer                                         /s/ William R. Poynter
Ronald M Daignault (pro hac vice)*                           William R. Poynter
Chandran B. Iyer (VA Bar No. 94100)                          wpoynter@kaleolegal.com
Steven J. Reynolds (pro hac vice)*                           Virginia State Bar No. 48672
Shailendra Maheshwari (pro hac vice)*                        KALEO LEGAL
Hoda Rifai-Bashjawish (pro hac vice)*                        4456 Corporation Lane, Suite 135
Kevin H. Sprenger (VA Bar No. 98588)                         Virginia Beach VA 23462

29

Matthew Harkins (pro hac vice)*
James J. Hatton (pro hac vice)*
rdaignault@daignaultiyer.com
cbiyer@daignaultiyer.com
sreynolds@diagnaultiyer.com
smaheshwari@daignaultiyer.com
hrifai-bashjawish@daignaultiyer.com
ksprenger@daignaultiyer.com
mharkins@daignaultiyer.com
jhatton@daignaultiyer.com
Daignault Iyer LLP
8229 Boone Boulevard – Suite 450
Vienna, VA 22182
Tel.: (202) 330-1666

Benoit Quarmby (pro hac vice)*
bquarmby@mololamken.com
MoloLamken LLP
430 Park Avenue, 6th Floor
New York, NY 10022
Tel. (212) 607-8157

*Attorneys for Plaintiff Audio Pod IP LLC*

*\*Not admitted to practice in Virginia*

Tel: (757) 238-6383
Fax : (757) 304-6175

*Of Counsel:*

Andrea L. Cheek
andrea.cheek@knobbe.com
KNOBBE, MARTENS, OLSON
& BEAR, LLP
1717 Pennsylvania Ave, NW, Ste 900
Washington, D.C. 20006
Tel: (202) 640-6400
Fax: (202) 640-6401

Colin B. Heidman (Pro Hac Vice)
colin.heideman@knobbe.com
Christie Matthaei (Pro Hac Vice)
christie.matthaei@knobbe.com
KNOBBE, MARTENS, OLSON
& BEAR, LLP
925 4th Ave, Ste 2500
Seattle, WA 98104
Tel: (206) 405-2000
Fax: (206) 405-2001

Jeremy A. Anapol (Pro Hac Vice)
jeremy.anapol@knobbe.com
KNOBBE, MARTENS, OLSON
& BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Tel: (949) 760-0404
Fax: (949) 760-9502

*Attorneys for Defendants Amazon.com, Inc.,
Amazon.com LLC, Amazon Web Services,
Inc., and Audible, Inc.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

DATED: _____    _____
                                                          United States District Judge

30

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

AUDIO POD IP, LLC,

               Plaintiff,

       v.

AMAZON.COM, INC.;
AMAZON.COM LLC; AMAZON
WEB SERVICES, INC., and
AUDIBLE, INC.

               Defendants.

Lead Case No. 3:24-cv-00406-RCY

**APPENDIX A**

**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER**

I, _____, declare that:

1.    My address is _____.

       My current employer is _____.

       My current occupation is _____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that is disclosed to me.

4.   Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.   I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____

Date: _____

2